UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE (K.B.), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:22-CV-00226 |
| | § | |
| FACEBOOK, INC., n/k/a | § | |
| META PLATFORMS, INC., | § | |
| | § | |
| Defendant. | § | |

**FACEBOOK, INC. N/K/A META PLATFORMS, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Facebook, Inc., n/k/a Meta Platforms, Inc. ("Facebook") files this Original Answer[1] to Plaintiff's Second Amended Complaint ("Complaint").

**OVERVIEW OF THE LAWSUIT**

1. Facebook denies the allegations in paragraph 1 of the Complaint.

2. Facebook denies the allegations in paragraph 2 of the Complaint.

3. Facebook denies the allegations in paragraph 3 of the Complaint.

4. Facebook denies the allegations in paragraph 4 of the Complaint.

5. Facebook admits that the language quoted in paragraph 5 of the Complaint is accurately quoted. Facebook denies the remaining allegations in paragraph 5.

6. Facebook denies the allegations in paragraph 6 of the Complaint.

7. Facebook denies the allegations in paragraph 7 of the Complaint.

---

[1] Plaintiff's Complaint does not identify any Instagram accounts allegedly involved in the facts of this matter. Plaintiff's counsel provided account-identifying information associated with Plaintiff on April 11, 2022, but has not yet provided identifying information for any accounts allegedly used by "R.L." Without that information, Facebook is unable to admit or deny many of the allegations made in Plaintiff's Second Amended Complaint.

8. Facebook denies the allegations in paragraph 8 of the Complaint.

9. Facebook denies the allegations in paragraph 9 of the Complaint.

10. Facebook denies the allegations in the first sentence of paragraph 10 of the Complaint. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the remaining allegations in paragraph 10.

11. Facebook denies the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint consists of legal conclusions to which no response is required.

13. The first sentence of paragraph 13 of the Complaint consists of legal conclusions to which no response is required. The remaining sentences in paragraph 13 contain no allegations against Facebook and thus no response is required under FRCP 8(b).

**THE PARTIES**

14. Facebook admits the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

**JURISDICTION[2] AND VENUE**

16. Facebook admits the allegations in paragraph 16 of the Complaint.

17. Facebook denies the allegations in the first sentence of paragraph 17 of the Complaint. The second sentence of paragraph 17 consists of legal conclusions to which no response is required. As to the third sentence of paragraph 17, Facebook denies that it has

---

[2] By answering this Complaint, Facebook does not admit that Texas courts have jurisdiction over it in any other cases that have been or may be brought against it.

established "extensive contacts with Texas," but admits the remainder of the allegations. Facebook denies the allegations in the fourth sentence of paragraph 17.

18. Facebook denies the allegations in paragraph 18 of the Complaint.

19. Facebook admits that the language quoted in paragraph 19 of the Complaint is accurately quoted, but denies the characterization of its Texas presence as "sizeable."

20. Paragraph 20 of the Complaint consists of legal conclusions to which no response is required.

21. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 21 of the Complaint.

22. Facebook admits that it employs persons on its law enforcement response team and incident response team, but denies the remaining allegations in the first sentence of paragraph 22 of the Complaint. Facebook admits the allegations in the second sentence of paragraph 22.

23. Facebook admits the allegations in paragraph 23 of the Complaint.

24. Facebook denies the allegations in paragraph 24 of the Complaint.

25. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 25 of the Complaint.

26. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 26 of the Complaint.

27. Facebook admits the allegations in paragraph 27 of the Complaint.

28. Facebook denies the allegations in paragraph 28 of the Complaint.

29. To the extent Facebook is able to approximate the location of users, Facebook admits the allegations in paragraph 29 of the Complaint.

30. With respect to paragraph 30 of the Complaint, Facebook admits that its business includes designing and building certain hardware products, but denies that its platforms are "products."

31. With respect to paragraph 31 of the Complaint, Facebook denies that its platforms are "products," but admits that it offers certain hardware products in Texas.

32. Facebook denies that Instagram is a "product," but otherwise admits the allegations in paragraph 32 of the Complaint.

33. Facebook denies the allegations in paragraph 33 of the Complaint.

34. Facebook denies the allegations in paragraph 34 of the Complaint.

35. Facebook denies the allegations in paragraph 35 of the Complaint.

36. Facebook admits the allegations in paragraph 36 of the Complaint.

37. Facebook admits that it has a data center in Texas, but otherwise denies the allegations in paragraph 37 of the Complaint.

38. With respect to paragraph 38 of the Complaint, Facebook admits that it receives data that its users choose to share with it as described in and consistent with its publicly available Data Policy.

39. With respect to paragraph 39 of the Complaint, Facebook denies that its platforms are "products." Facebook admits that it receives data that its users choose to share with it as described in and consistent with its publicly available Data Policy.

40. Facebook admits the allegations in paragraph 40 of the Complaint.

41. Facebook denies the allegations in paragraph 41 of the Complaint.

42. Facebook admits that at certain times third party users of Facebook's platforms located in Texas have sexually exploited minors. Facebook denies the remaining allegations in paragraph 42 of the Complaint.

43. Facebook admits the allegations in paragraph 43 of the Complaint.

44. Facebook admits the allegations in paragraph 44 of the Complaint.

45. Facebook admits the allegations in paragraph 45 of the Complaint.

46. Facebook admits the allegations in paragraph 46 of the Complaint.

47. With respect to the allegations in paragraph 47 of the Complaint, Facebook admits that it has provided information regarding the trafficking of minors in Texas to Texas law enforcement agencies consistent with the Stored Communications Act.

48. With respect to the allegations in paragraph 48 of the Complaint, Facebook admits that it has monitored content in an effort to identify and remove sexually exploitative content involving minors in Texas.

49. With respect to the allegations in paragraph 49 of the Complaint, Facebook admits that it has monitored content in an effort to identify and remove content involving the potential trafficking of minors in Texas.

50. Facebook admits the allegations in paragraph 50 of the Complaint.

51. Facebook denies the allegations in paragraph 51 of the Complaint.

52. Facebook admits the allegations in paragraph 52 of the Complaint.

53. Facebook admits the allegations in paragraph 53 of the Complaint.

54. Facebook admits the allegations in paragraph 54 of the Complaint.

55. Facebook admits the allegations in paragraph 55 of the Complaint.

56. Facebook admits the allegations in paragraph 56 of the Complaint.

57. Facebook admits the allegations in paragraph 57 of the Complaint.

58. Facebook admits the allegations in paragraph 58 of the Complaint.

59. Facebook admits the allegations in paragraph 59 of the Complaint.

60. Facebook admits the allegations in paragraph 60 of the Complaint.

61. To the extent Facebook is able to approximate the location of users, Facebook admits the allegations in paragraph 61 of the Complaint.

62. Facebook denies the allegations in paragraph 62 of the Complaint.

63. Facebook denies the allegations in paragraph 63 of the Complaint.

64. Facebook denies the allegations in paragraph 64 of the Complaint.

65. Facebook admits the allegations in paragraph 65 of the Complaint.

66. Facebook admits that it participates in job recruiting activities in Texas, but otherwise denies the allegations in paragraph 66 of the Complaint.

67. Facebook denies that its platforms are "products." Facebook lacks sufficient information to form a belief about the truth of the allegations in paragraph 67 of the Complaint, because it is unclear what is meant by "operational support."

68. Facebook admits the allegations in paragraph 68 of the Complaint.

69. Facebook admits the allegations in paragraph 69 of the Complaint.

70. Facebook denies the allegations in paragraph 70 of the Complaint.

71. Facebook admits the allegations in paragraph 71 of the Complaint.

72. Facebook admits the allegations in paragraph 72 of the Complaint.

73. Facebook admits the allegations in paragraph 73 of the Complaint.

74. Facebook admits the allegations in paragraph 74 of the Complaint.

75. Facebook admits that it advertises its services to Texas customers, but otherwise denies the allegations in paragraph 75 of the Complaint.

76. Facebook denies the allegations in paragraph 76 of the Complaint.

77. Facebook admits the allegations in paragraph 77 of the Complaint.

78. Facebook lacks sufficient information to form a belief about the truth of the allegations in paragraph 78 of the Complaint, because it is unclear what is meant by "substantial."

79. Facebook admits the allegations in paragraph 79 of the Complaint.

80. Facebook admits the allegations in paragraph 80 of the Complaint.

81. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 81 of the Complaint.

82. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 82 of the Complaint.

83. Facebook denies that its platforms are "products." Facebook otherwise admits the allegations in paragraph 83 of the Complaint.

84. Facebook denies the allegations in paragraph 84 of the Complaint.

85. Facebook admits the allegations in paragraph 85 of the Complaint.

86. Facebook denies the allegations in paragraph 86 of the Complaint.

87. Facebook denies that its platforms are "products." To the extent Facebook is able to estimate the geographic locations in which its platforms are used, Facebook admits the allegations in the first sentence of paragraph 87 of the Complaint. Facebook denies the allegations in the second sentence of paragraph 87.

88. Paragraph 88 of the Complaint consists of a legal conclusion to which no response is required.

89. Facebook denies that its platforms are "products." Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the remaining allegations in paragraph 89 of the Complaint.

90. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 90 of the Complaint.

91. Facebook denies the allegations in paragraph 91 of the Complaint.

92. Facebook denies the allegations in paragraph 92 of the Complaint.

93. Facebook lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 93 of the Complaint.

## ASSUMED OR COMMON NAME

94. Paragraph 94 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

95. Paragraph 95 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

## CONDITIONS PRECEDENT

96. Facebook denies the allegations in paragraph 96 of the Complaint.

## FACTUAL ALLEGATIONS

97. Paragraph 97 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

98. Paragraph 98 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

99. The first two sentences of paragraph 99 of the Complaint contain no allegations against Facebook and thus no response is required under FRCP 8(b). Facebook denies the allegations in the third sentence of paragraph 99.

100. Facebook denies the allegations in paragraph 100 of the Complaint.

101. Facebook denies the allegations in paragraph 101 of the Complaint.

102. Facebook denies the allegations in paragraph 102 of the Complaint.

103. Facebook denies the allegations in paragraph 103 of the Complaint.

104. Facebook denies the allegations in paragraph 104 of the Complaint.

105. Facebook denies the allegations in paragraph 105 of the Complaint.

106. Facebook denies that its platforms are "products." Facebook further denies that it "buys detailed information about its users." Facebook further denies that it makes recommendations about who its users "should know" or "likely want to meet." Facebook admits that it receives data that its users choose to share with it as described in and consistent with its publicly available Data Policy.

107. Facebook denies the allegations in paragraph 107 of the Complaint.

108. Facebook denies the allegations in paragraph 108 of the Complaint.

109. Facebook denies the allegations in paragraph 109 of the Complaint.

110. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 110 of the Complaint.

111. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 111 of the Complaint.

112. Facebook lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 112 of the Complaint, including what is meant by "the signs of trafficking," "sale of victims," and "these issues."

113. Facebook denies the allegations in the first sentence of paragraph 113 of the Complaint. Facebook lacks sufficient knowledge or information, including what is meant by "established signs of grooming and human trafficking," to form a belief about the truth of the allegations the second sentence of paragraph 113. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in the third sentence of paragraph 113.

114. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 114 of the Complaint.

115. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 115 of the Complaint.

116. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 116 of the Complaint.

117. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 117 of the Complaint.

118. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 118 of the Complaint.

119. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 119 of the Complaint.

120. Facebook denies the allegations in paragraph 120 of the Complaint.

121. Facebook denies the allegations in paragraph 121 of the Complaint.

122. Facebook denies the allegations in paragraph 122 of the Complaint.

123. Facebook denies the allegations in paragraph 123 of the Complaint.

124. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 124 of the Complaint.

125. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

127. Paragraph 127 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

128. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 128 of the Complaint.

129. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 129 of the Complaint.

130. Facebook denies the allegations in paragraph 130 of the Complaint.

131. Facebook denies the allegations in paragraph 131 of the Complaint.

132. Facebook lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

134. Facebook lacks sufficient knowledge or information, including but not limited to confirmation of the account-identifying information of R.L., to form a belief about the truth of the allegations in paragraph 134 of the Complaint.

## CAUSE OF ACTION AGAINST FACEBOOK

### Violation of 18 U.S.C. § 1595

135. Facebook incorporates each foregoing admission and denial.

136. Paragraph 136 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

137. Facebook denies the allegations in paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint consists of legal conclusions to which no response is required.

139. Facebook denies the allegations in paragraph 139 of the Complaint.

140. Paragraph 140 of the Complaint consists of a legal conclusion to which no response is required.

141. Facebook denies the allegations in paragraph 141 of the Complaint.

142. Facebook denies the allegations in the first and second sentences of paragraph 142 of the Complaint. Facebook admits the allegations in the third sentence of paragraph 142.

143. Facebook denies the allegations in paragraph 143 of the Complaint.

144. Facebook denies the allegations in paragraph 144 of the Complaint.

145. Facebook denies the allegations in paragraph 145 of the Complaint.

146. Facebook denies the allegations in paragraph 146 of the Complaint.

147. Facebook denies the allegations in paragraph 147 of the Complaint.

## DAMAGES

148. Facebook incorporates each foregoing admission and denial.

149. Facebook denies the allegations in paragraph 149 of the Complaint.

150. Facebook denies the allegations in paragraph 150 of the Complaint.

151. Facebook denies the allegations in paragraph 151 of the Complaint.

152. Facebook denies the allegations in paragraph 152 of the Complaint.

## PUNITIVE DAMAGES

153. Facebook denies the allegations in paragraph 153 of the Complaint.

## ATTORNEYS' FEES

154. Facebook denies the allegations in paragraph 154 of the Complaint.

155. Facebook denies the allegations in paragraph 155 of the Complaint.

**JURY DEMAND**

156. Paragraph 156 of the Complaint contains no allegations against Facebook and thus no response is required under FRCP 8(b).

**FACEBOOK'S AFFIRMATIVE DEFENSES**

Facebook reserves the right to amend or supplement its affirmative defenses as it obtains additional information through discovery or otherwise.

1. Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars Plaintiff's claims against Facebook.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, because they have not been brought in a proper venue.

4. Plaintiff's claims are barred, in whole or in part, because they are subject to arbitration.

5. Plaintiff's claims are barred, in whole or in part, because the incidents in question and all damages complained of and claimed by Plaintiff, if any, were the result of actions, inactions, or fault of other persons or parties not under the control of Facebook and for which Facebook is not responsible.

6. Plaintiff's claims are barred, in whole or in part, because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Facebook, including other parties in this case, such as Plaintiff, and/or third parties, such Plaintiff's alleged trafficker and "johns," under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, comparative causation, and/or comparative fault.

7. Unidentified persons referred to in the Complaint committed criminal acts that were causes of the alleged loss or injury that is the subject of this suit. Based on Plaintiff's allegations, Facebook would show that Plaintiff's alleged trafficker(s), "johns," and any other unidentified persons who allegedly participated in the trafficking and/or compelled prostitution of Plaintiff are criminal actors and are properly designated as responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code § 33.004 or other applicable law.

8. Plaintiff's claims are barred, in whole or in part, because the necessary elements of liability under 18 U.S.C. § 1595 and 18 U.S.C. § 1591 are lacking.

9. Plaintiff's claims are barred, in whole or in part, by Tex. Civ. Prac. & Rem. Code § 86.002.

10. The imposition of punitive damages against Facebook in this case would be fundamentally unfair and would violate the United States Constitution and the Constitution of the State of Texas. Moreover, punitive damages are barred to the extent not permitted by statute.

**WHEREFORE**, Defendant Facebook, Inc., n/k/a Meta Platforms, Inc. prays that judgment be entered in its favor, and for all other relief to which it may be justly entitled.

Dated: April 13, 2022					Respectfully submitted,

					**GIBSON, DUNN & CRUTCHER LLP**

					 */s/ Collin J. Cox*
					Collin J. Cox
					State Bar No. 24031977
					S.D.O.T. No. 654469
					Benjamin D. Betner
					State Bar No. 24105466
					S.D.O.T. No. 3149443
					Johanna E. Smith
					State Bar No. 24126934
					S.D.O.T. No. 3716571
					811 Main Street, Suite 3000
					Houston, Texas 77002
					(346) 718-6604
					Fax: (346) 718-6941
					ccox@gibsondunn.com
					bbetner@gibsondunn.com
					jesmith@gibsondunn.com

					Kristin A. Linsley (pro hac vice forthcoming)
					Chris Jones (pro hac vice forthcoming)
					555 Mission Street
					San Francisco, California 94105-0921
					(415) 393-8395
					Fax: (415) 374-8471
					klinsley@gibsondunn.com
					crjones@gibsondunn.com

					Collin D. Ray (pro hac vice forthcoming)
					State Bar No. 24093013
					2001 Ross Avenue, Suite 2100
					Dallas, Texas 75201-6912
					(214) 698-3100
					Fax: (214) 571-2900
					cdray@gibsondunn.com

					-AND-

**HUNTON ANDREWS KURTH LLP**

Kelly Sandill
State Bar No. 24033094
S.D.O.T. No. 38594
Kathryn E. Boatman
State Bar No. 24062624
S.D.O.T. No. 1466131
Ashley Kahn
State Bar No. 24087824
S.D.O.T. No. 2149600
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4181
Facsimile:  (713) 220-4285
ksandill@huntonak.com
kboatman@huntonak.com
akahn@huntonak.com

Scott A. Brister
State Bar No. 00000024
S.D.O.T. No. 1820
500 W. 5th Street, Suite 1350
Austin, Texas 78701
Telephone:  (512) 320-9200
sbrister@huntonak.com

**ATTORNEYS FOR DEFENDANT FACEBOOK, INC., n/k/a META PLATFORMS, INC.**

### CERTIFICATE OF SERVICE

    I hereby certify that on April 13, 2022, I served a copy of the above document on all counsel of record via the Court's CM/ECF system.

    */s/ Collin J. Cox*
Collin J. Cox